UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Prealou J. Roberts


   v.                                               Civil No. 09-cv-34-PB


United States Marshals Service, et al.


**O R D E R**


    Pro se plaintiff Prealou J. Roberts has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical care and subjected to unnecessary surgery in violation of his rights under the Fourteenth Amendment to the United States Constitution (document no. 1) and New Hampshire law.  Seeking injunctive and monetary relief, he brings this action against the following individuals and entities: United States Marshals Service; Wentworth Douglas Hospital; Prime Care Medical Services; Strafford County Department of Corrections ("SCDOC")[1]; and Tracey Warren, an employee of the SCDOC.  I liberally construe the claims against the United States Marshals Service, a federal agency, to be brought pursuant to Bivens v.

---

[1] I liberally construe the claims against the SCDOC to be brought against Warren Dowaliby in his representative capacity as Superintendent of the SCDOC.

<u>Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Roberts has alleged the following claims: (1) Fourteenth Amendment claims, premised upon the denial of adequate medical care, against Warren and Prime Care Medical Services; and (2) state law negligence claims against Prime Care Medical Services, Wentworth Douglas Hospital and an unnamed surgeon employed by that hospital.  I recommend dismissal of all remaining claims.

Also filed is a motion to compel release of medical records (document no. 9), motion to compel discovery (document no. 14) and motion to appoint counsel (document no. 10), which I recommend be denied without prejudice to being renewed at a later date should circumstances warrant renewal.  As Roberts has been granted in forma pauperis status, I recommend that his "motion to proceed in forma pauperis for request of counsel" (document no.

11) be denied as moot.

Accordingly, I order the complaint to be served on the properly named defendants.  My review of the file indicates that Roberts has not filed the necessary summons forms.  Roberts must submit a separate summons form for each defendant he seeks to name in this action.  The Clerk's Office is directed to forward the appropriate forms to Roberts, who must return the completed forms within thirty days of the date of this order.

Upon receipt of the completed summons forms, the Clerk's office shall issue the summonses against the defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1), the report and recommendation and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendants.  See Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

                                   _____
                                   James R. Muirhead
                                   United States Magistrate Judge

Date: April 30, 2009

cc:   Prealou J. Roberts, pro se